## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| Latoshia Alston, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. <u>3:25 CV 00339</u> |
| v. | ) | |
| | ) | |
| Verizon Wireless Services, LLC; I.C. System, Inc.; | ) | **COMPLAINT** |
| MRS BPO, LLC; Capital One, N.A.; Navy Federal | ) | **WITH JURY TRIAL DEMAND** |
| Credit Union; Source Receivables Management, | ) | |
| LLC; Credit One Bank, N.A.; Rocket Mortgage, | ) | |
| LLC; CoreLogic, Inc.; Southern Loans, Inc.; Don | ) | |
| Bullock Chevrolet Inc.; General Motors Financial | ) | |
| Company, Inc.; Nissan North American, Inc.; T of | ) | |
| NCRR LLC; Southern Team Nissan of New York; | ) | |
| Roanoke Imports, Inc.; JM Family Enterprises, Inc.; | ) | |
| Driveway Finance Corporation; Xactus LLC; VW | ) | |
| Credit, Inc.; Roanoke Ava Am, LLC; Equifax | ) | |
| Information Services, LLC; Experian Information | ) | |
| Solutions, Inc. and Trans Union, LLC | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

1.

The court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Latoshia Alston is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c) and by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692a(3).

3.

Defendants Verizon Communications, Inc. ("Verizon"), I.C. System, Inc. ("ICS") and MRS BPO LLC ("MRS"), Source Receivables Management, LLC ("Source") (collectively, the "Furnisher Defendants") are persons who furnish information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. Further, Defendants Source, MRS and ICS are in the

business of collecting debts that originated with other parties and each is considered a debt collector under the FDCPA, 15 U.S.C. § 1692a(6).

4.

Defendants Navy Federal Credit Union, Credit One Bank, N.A.; Capital One, N.A.; Rocket Mortgage, LLC; Don Bullock Chevrolet Inc.; JM Family Enterprises, Inc.; CoreLogic, Inc.; Nissan North American, Inc.; Roanoke Ava Am, LLC; Southern Team Nissan of New River Valley; Southern Loans, Inc.; Xactus, LLC; T of NRCC, LLC; Roanoke Imports, Inc.; VW Credit, Inc.; General Motors Financial Company, Inc.; Driveway Finance Corporation (collectively, "Impermissible User Defendants") are persons who obtained Plaintiff's credit report from the consumer reporting agencies under the auspices of FCRA, 15 U.S.C. § 1681b(f).

5.

Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("TransUnion") (collectively, the "CRA Defendants") are consumer reporting agencies ("CRAs") as defined by Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f).

6.

Due to the Equifax data breach, Plaintiff's personal information was captured by identity thieves that have fraudulently applied and/or opened several accounts in Plaintiff's name over the years. The Defendants identified in paragraph 3 (the "Furnisher Defendants") furnished information to the CRAs that falsely represented the Plaintiff owed money for accounts that she did not open or authorize to be opened. In turn, the CRA Defendants (identified in paragraph 5) prepared and furnished consumer reports containing the fraudulent accounts to third parties.

7.

Numerous credit reports for Plaintiff were furnished by the CRA Defendants to companies that subscribe to the CRA Defendants, including the Defendants identified in paragraph 4 ("Impermissible User Defendants"), as a result of fraudulent applications by identity thieves. The Impermissible User Defendants processed the fraudulent applications because they lacked reasonable procedures to prevent obvious fraud. The CRA Defendants know the Impermissible User Defendants lacked reasonable procedures to prevent fraud but furnished Plaintiff's credit reports to the Impermissible User Defendants without taking any reasonable steps to prevent the release of Plaintiff's credit report for fraudulent or otherwise impermissible purposes.

8.

The CRA Defendants were notified by Plaintiff that they were furnishing inaccurate consumer reports through numerous written disputes that were sent to the CRA Defendants within 2 years of the filing of this complaint. Yet, the CRA Defendants failed and/or refused to correct the reports or remove the fraudulent accounts from the Plaintiff's reports.

9.

The CRAs notified the Furnisher Defendants of Plaintiff's disputes. The Furnisher Defendants knew their reporting of Plaintiff was inaccurate but did not instruct the CRAs to correct the inaccurate reporting.

10.

Had either the CRA Defendants or Furnisher Defendants conducted a reasonable investigation, they would have discovered that the fraudulent accounts did not belong to Plaintiff.

FIRST CLAIM FOR RELIEF
(against CRA Defendants)
(Negligent Noncompliance with the FCRA)

11.

Plaintiff incorporates by reference paragraphs 1 through 10 as fully stated herein.

12.

The CRA Defendants negligently failed to comply with the requirements of the FCRA.

13.

As a result of the CRA Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

14.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

SECOND CLAIM FOR RELIEF
(against CRA Defendants)
(Willful Noncompliance with the FCRA)

15.

Plaintiff incorporates by reference paragraphs 1 through 14 as fully stated herein.

16.

The CRA Defendants willfully failed to comply with the requirements of the FCRA.

17.

As a result of the CRA Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost credit opportunity, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

18.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF
(against CRA Defendants)
(Negligent Noncompliance with the FCRA)

19.

Plaintiff incorporates by reference paragraphs 1 through 18 as fully stated herein.

20.

The FCRA Defendants negligently failed to comply with the requirements of the FCRA.

21.

As a result of the FCRA Defendants' failure to comply with the requirements of the FCRA,
Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of
credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference
with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be
determined by the jury.

22.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF
(against CRA Defendants)
(Willful Noncompliance with the FCRA)

23.

Plaintiff incorporates by reference paragraphs 1 through 22 as fully stated herein.

24.

The FCRA Defendants willfully failed to comply with the requirements of the FCRA.

25.

As a result of the FCRA Defendants' failure to comply with the requirements of the FCRA,
Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of

credit, lost credit opportunity, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

26.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

FIFTH CLAIM FOR RELIEF
(against Impermissible User Defendants)
(Negligent Noncompliance with the FCRA)

27.

Plaintiff incorporates by reference paragraphs 1 through 26 as fully stated herein.

28.

The Impermissible User Defendants negligently failed to comply with the requirements of the FCRA.

29.

As a result of the Impermissible User Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

30.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

SIXTH CLAIM FOR RELIEF
(against Impermissible User Defendants)
(Willful Noncompliance with the FCRA)

31.

Plaintiff incorporates by reference paragraphs 1 through 30 as fully stated herein.

32.

The Impermissible User Defendants willfully failed to comply with the requirements of the FCRA.

33.

As a result of the Impermissible User Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost credit opportunity, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

34.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

SEVENTH CLAIM FOR RELIEF
(against ICS, MRS and Source)

35.

Plaintiff incorporates by reference paragraphs 1 through 34 as fully stated herein.

36.

Defendants ICS, MRS, and Source failed to comply with the requirements of the FDCPA by reporting information to the CRAs that they knew, or should have known, was false.

37.

Defendants ICS, MRS, and Source failed to comply with the requirements of the FDCPA by attempting to collect on a debt that the Plaintiff did not owe.

38.

As a result of the Defendants failure to comply with the requirements of the FDCPA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost credit opportunity, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

39.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<u>Prayer</u>

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Seventh Claim for Relief:

4. Actual damages to be determined by the jury;

5. Statutory damages to be determined by the jury; and

6. Attorney fees.

On All Claims for Relief

1. Costs and expenses incurred in this action.

DATED this 20th day of May, 2025.

**J. Harris Legal PLLC**

By:   /s/ John M Harris
      John M. Harris
      NC Bar #57002
      500 W 5th St STE 800 #1041
      Winston-Salem, NC 27101
      P: 336-995-7433
      F: 336-450-1919
      Litigation@jharrislegal.com
      *Attorney for Plaintiff*